IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                OPINION AND ORDER

    Plaintiff,

                3:08-cv-00079-bbc
                05-CR-092-S

  v.

SENACA BARTLETT,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Defendant Senaca Bartlett has filed a timely motion for postconviction relief pursuant to 28 U.S.C. § 2255, challenging a sentence imposed upon him by the Honorable John C. Shabaz. Because Judge Shabaz is away from the court for an extended medical leave and I am assuming the administration of his cases in his absence, this case has been assigned to me for disposition.

  Defendant alleges that his lawyer provided him ineffective assistance in several ways.

  At sentencing, counsel did not raise the argument that the court should not find defendant a career offender because his two prior drug convictions were minor in nature.
  Before sentencing, counsel did not inform defendant that he would be admitting to his two prior convictions.

1

Neither at sentencing nor on appeal did his counsel argue that the court was without jurisdiction to consider the two prior convictions on the ground that the jury did not find that he had committed the crimes underlying those convictions.

Defendant's appellate counsel was ineffective because she did not raise the issues he wanted to argue but instead filed a no-merit brief.

His attorneys did not argue the disparity between sentences for crack cocaine offenses and those mandated for powder cocaine offenses.

Defendant appealed from his sentence. His appeal was denied after appellate counsel filed a motion to withdraw under <u>Anders v. California</u>, 386 U.S. 738 (1967), on the ground that she could not find any nonfrivolous basis for the appeal. Although defendant was given an opportunity to raise any matters he wanted the court of appeals to consider, he did not take advantage of the opportunity.

Now, however, defendant has come forward with a list of the ways in which his trial and appellate attorneys allegedly failed to provide him the representation to which he is entitled under the Constitution. His prior appeal does not bar him from raising claims of attorney ineffectiveness even if he could have raised them on direct appeal. <u>Massaro v. United States</u>, 538 U.S. 500, 509 (2003) (defendant challenging federal conviction under § 2255 can raise ineffective assistance of counsel claim in collateral proceeding, even if he could have raised claim on direct appeal but did not).

To prevail on his allegations of ineffectiveness, defendant has to show that his attorneys' work was below the minimum expected of defense counsel *and* that their errors

2

or omissions prejudiced him.  Strickland v. Washington, 466 U.S. 455 (1984).  Starting with defendant's first contention is that his trial counsel was ineffective because he did not argue that the court should not rely on defendant's two prior convictions to find him a career offender because the convictions were for minor violations of the law, I conclude that this alleged error cannot support a finding of ineffectiveness *or* of prejudice.  On defendant's direct appeal, the court court of appeals made it explicit that it was proper for the sentencing court to rely on the prior convictions in finding defendant a career offender.  Those convictions may have been imposed for relatively small amounts of controlled substances but each met the criteria for prior felony controlled substance offenses.  It is not ineffective assistance to hold back from making arguments that no basis in the law and the omission of such arguments could not have prejudiced defendant.

Defendant's second argument is that his counsel failed to tell him that he would be admitting to two prior convictions.  Counsel had no reason to tell this to defendant because it was not true.  Whether or not defendant "admitted" the prior convictions, they could be used against him.  If defendant's argument is that he would not have entered a plea of guilty had his attorney told him that the two convictions would be used to increase his offense level and criminal history score, he has not alleged this or shown any reason to believe that this factor would have caused him to go to trial.  Key v. United States, 806 F.2d 133, 139 (7th Cir.1986) ("We have already held that mere allegations by a defendant that he would have

3

pleaded differently and insisted on going to trial are insufficient to establish prejudice.").

Third, defendant contends that it was ineffective assistance for his counsel not to argue to the court that it could not consider defendant's prior sentences because no jury had found that he had committed the prior crimes. If defendant is saying that his prior convictions were not validly obtained, he had only one remedy for that problem, which was to seek reversal of those convictions in the state court in which he was convicted. So long as the convictions were of record and did not show on their face that defendant was denied counsel in connection with the convictions, they are valid and may be considered by a federal court at sentencing. If defendant is saying that it was improper for the federal court to sentence him on the basis of his prior convictions without having a federal jury determine whether he had two prior convictions in fact, the law is not on his side. A sentencing court may make findings of fact about prior convictions without running afoul of the Sixth Amendment requirement that every element of a crime must be the subject of a finding of fact by a jury. Almandez-Torres v. United States, 523 U.S. 224 (1998) (fact of recidivism is sentencing factor and not element of crime). In light of Almandez-Torres, it would have been futile for defendant's trial counsel to argue to the court that a jury had to find the fact of defendant's prior convictions.

Fourth, defendant was not prejudiced by his attorneys' failure to argue the allegedly unfair discrepancy in the sentences for persons convicted of offenses involving crack cocaine

4

and those for persons dealing in powder cocaine. Defendant dealt in both forms of cocaine but he was sentenced on the basis of his career offender status. The amounts of cocaine attributed to him did not determine his offense level. Therefore, any argument about the disparity in sentencing the two kinds of offenders would have been irrelevant and would not have supported a variance in the guideline sentence. Lawyers are not required to make arguments on behalf of their clients that have no basis in the law. In fact, their obligations as officers of the court counsel against doing so.

Finally, as to defendant's contention that his appellate counsel failed to represent him effectively when she filed a no-merit brief on appeal, he has not shown that he had any meritorious claims he could have raised on appeal. Unless he can do so, he has no reason to complain of his counsel's decision to advise the court of appeals that she could find no meritorious argument to raise in defendant's behalf.

ORDER

IT IS ORDERED that defendant Senaca Bartlett's motion for postconviction relief under § 2255 is DENIED because he has not shown that he was denied the effective

5

assistance of counsel at his sentencing and on appeal.

Entered this 12th day of February, 2008.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge